UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO J. BICOCCA, an individual; DIANNA BICOCCA, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A.; NBA DEFAULT SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:17-cv-01158-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

On May 1, 2017, Plaintiffs Bruno J. Bicocca and Dianna Bicocca ("Plaintiffs") filed this action in state court against Wells Fargo Bank N.A. and NBS Default Services, LLC ("Defendants" unless otherwise noted). Plaintiffs' Complaint alleges, inter alia, that Defendants proceeded with foreclosure proceedings against Plaintiffs' home in violation of California's Homeowner's Bill of Rights, a 2012 legislative reform package which made various changes to provisions in the California Civil Code pertaining to foreclosure safeguards. On June 1, 2017, Defendants removed Plaintiffs' lawsuit to this Court, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b). Defendants subsequently filed a Motion to Dismiss which is scheduled to be heard on August 10, 2017. Plaintiffs responded, on June 22, 2017, by filing a Motion to Remand set for hearing on July 27,

1

2017, before filing on July 7, 2017, the Application for Temporary Restraining Order now before the Court. That request seeks to enjoin a Trustee's Sale set for July 12, 2017, and as set forth below it is GRANTED.

**BACKGROUND**

In 2007, Plaintiffs financed their purchase of real property located in Chico, California by taking out a residential mortgage with Wells Fargo's predecessor in interest, World Savings Bank FSB. After Plaintiffs apparently fell into arrears on their mortgage, NBS, as current trustee, recorded a Notice of Default on January 13, 2017. Thereafter, on April 17, 2017, NBS recorded a Notice of Trustee's Sale initially scheduled for May 8, 2017. The Trustee's Sale has since been continued to July 12, 2017, and Plaintiffs now ask the Court to enjoin that sale on various grounds encompassed within the HBOR, including but not limited to Wells Fargo's alleged failure to assess foreclosure prevention options as required by California Civil Code § 2923.55, Wells Fargo's alleged failure to provide a Single Point of Contact ("SPOC") to speak with Plaintiffs concerning their loan status as required by § 2923.7, and Wells Fargo's alleged failure to provide a full written notice identifying the reasons why their loan modification request was denied pursuant to § 2923.6. Plaintiffs also allege unfair business practices under California Business and Professions Code §17200 based on these contentions.

**STANDARD**

The purpose of a temporary restraining order ("TRO") is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing

2

irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

///
///
///
///

3

**ANALYSIS**

In the absence of any response from Defendants, the Court must assume that Plaintiffs' allegations are well-founded and consequently that they have demonstrated a likelihood of success on the merits sufficient to justify, at this time, a temporary restraining order. Plaintiffs allege, for example, that Wells Fargo's declaration that it had assessed Plaintiff's financial situation and explored options for avoiding foreclosure, as required by California Civil Code § 2923.55(f), was false because no such contacts had been made. The Court's finding in that regard is nonetheless based only on the evidence and allegations presented by Plaintiffs' application and is made without the Court having the benefit of hearing Defendants' version of events. This Temporary Restraining Order is thus being granted only to afford all parties an opportunity to be heard prior to any Trustee's Sale on Plaintiffs' property.

Having determined a likelihood of success at this time based on the current posture of this matter, the Court notes that Plaintiffs have also satisfied the remaining factors for obtaining a TRO. They have adequately shown irreparable harm by alleging they will lose their primary residence if Defendants' Trustee's Sale goes forward on July 12, 2017 as scheduled. In addition, the balance of equities tips sharply in Plaintiffs' favor as a TRO in this instance merely delays Defendants' right to foreclose until all parties have been given an opportunity to be heard on the merits of Plaintiffs' allegations.[1] Finally, an injunction is in the public's interest as it is being issued to assure compliance with state laws designed to protect the public.

**CONCLUSION**

For all the above reasons, the Court GRANTS Plaintiffs' Application for Temporary Restraining Order (ECF No. 7). Defendants are hereby enjoined from

---

[1] Because the Court finds that the equities tip sharply in Plaintiffs' favor and that Plaintiffs have at a minimum raised serious questions as to the merits of their claim, a TRO is justified under the sliding scale approach as well.

proceeding forward with the Trustee's Sale on Plaintiffs' property presently scheduled for July 12, 2017.

A hearing on the issuance of a preliminary injunction is set for August 10, 2017, at 2:00 p.m. in Courtroom No. 7. That hearing will coincide with the hearings on the other two motions presently pending before the Court so that they can be adjudicated simultaneously. Defendants and their agents, servants, employees and representatives, are ordered to show cause at the August 10, 2017 hearing why they should not be enjoined from continuing to foreclose on Plaintiffs' real property located at 124 W. 19th St., Chico, California 95928 during the pendency of this lawsuit. In the meantime, pending that hearing and determination of preliminary injunction, Defendants, along with their officers, agents, employees, representatives and all persons acting in concert or participating with it, are restrained from engaging in or performing directly or indirectly any of the following acts: advertising, selling, transferring, conveying, foreclosing upon, evicting or any other conduct adverse to Plaintiffs regarding their real property located at 124 W. 19th St., Chico, California 95928.

Plaintiffs' opening brief in support of preliminary injunction shall be filed and served on or before July 20, 2017. Opposition by Defendants, if any, must be submitted not later than July 27, 2017, and Plaintiffs' deadline for filing a reply is August 3, 2017.

Although it appears that Plaintiffs provided Defendants with notice of their request for a TRO, because Defendants did not have an opportunity to respond prior to issuance of the TRO, the affected parties may apply to the Court for modifications/dissolution of this temporary restraining order on two (2) days' notice or upon such shorter notice as the Court may allow. See Local Rule 231(c)(8), Fed. R. Civ. P. 65(b). No bond shall be required.

IT IS SO ORDERED.

Dated: July 11, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE