UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRUNO J. BICOCCA, an individual; DIANNA BICOCCA, an individual

Plaintiffs,

v.

WELLS FARGO BANK N.A.; NBS DEFAULT SERVICES, LLC; and DOES 1 through 20, inclusive,

Defendants.

No. 2:17-cv-01158-MCE-CMK

**MEMORANDUM AND ORDER**

On May 1, 2017, Plaintiffs Bruno J. Bicocca and Dianna Bicocca ("Plaintiffs") filed this action in state court against Defendant Wells Fargo Bank N.A. ("Wells Fargo") and Defendant NBS Default Services, LLC ("NBS"). Plaintiffs' Complaint alleges, <u>inter alia</u>, that Defendants proceeded with foreclosure proceedings against Plaintiffs' home in violation of California's Homeowner's Bill of Rights ("HBOR"), a 2012 legislative reform package which made various changes to provisions in the California Civil Code pertaining to foreclosure safeguards. <u>See</u> Cal. Civ. Code § 2923, et seq. On June 1, 2017, Defendants removed Plaintiffs' lawsuit to this Court, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b).

On July 7, 2017, Plaintiffs filed an Application for Temporary Restraining Order ("TRO") which asked this Court to enjoin a Trustee's Sale on Plaintiffs' property then

1

scheduled for July 12, 2017.  Given the short time involved, and in the absence of any response from Defendants, the Court had to assume that Plaintiffs' allegations were well-founded and sufficient to justify, at that time, a TRO preventing the sale from proceeding forward.  Consequently, the Court granted a TRO by Memorandum and Order filed July 11, 2017.  ECF No. 11.  The parties were subsequently required to fully brief whether a preliminary injunction should issue for the remaining pendency of this litigation.  That briefing has now been concluded and, because the Court concludes that Plaintiffs are not likely to prevail on the merits of their claims, Plaintiffs' request for preliminary injunction (ECF No. 14) is DENIED and the Court's July 11, 2017 TRO is dissolved.[1]

## BACKGROUND

In 2007, Plaintiffs financed their purchase of real property located in Chico, California by taking out a residential mortgage for $247,500 with Wells Fargo's predecessor in interest, World Savings Bank FSB.  After Plaintiffs apparently fell into arrears on their mortgage, NBS, as current trustee, recorded a Notice of Default on January 13, 2017.  Thereafter, on April 17, 2017, NBS recorded a Notice of Trustee's Sale initially scheduled for May 8, 2017.

The Trustee's Sale was subsequently continued to July 12, 2017, and, having obtained a temporary restraining order preventing that sale from going forward until the matter had been fully briefed by way of preliminary injunction, Plaintiffs now ask the Court to enjoin any further attempt to foreclose on various grounds encompassed within the HBOR, including but not limited to, Wells Fargo's alleged failure to assess foreclosure prevention options as required by the HBOR at California Civil Code § 2923.55, its alleged failure to provide a Single Point of Contact ("SPOC") to speak with

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

Plaintiffs concerning their loan status as required by § 2923.7, and Wells Fargo's alleged failure to provide a full written notice identifying the reasons why their loan modification request was denied pursuant to § 2923.6. Plaintiffs further assert that Wells Fargo caused a Notice of Default to be recorded without properly recording a Substitution of Trustee. Based on these claimed violations, Plaintiffs additionally allege unfair business practices under California Business and Professions Code § 17200.

Both Plaintiffs have submitted declarations claiming that they were not "contacted by Wells Fargo to assess all foreclosure prevention options." Bruno Bicocca Decl., ¶ 5; Dianna Bicocca Decl., ¶ 5 (emphasis added). The Bicoccas further claim that they were not contacted to discuss their financial situation or options for avoiding foreclosure as required under California Civil Code § 2923.55. They further allege that Wells Fargo failed to furnish a Single Point of Contact ("SPOC") as required by § 2923.7.

Wells Fargo's opposition papers paint a starkly different picture, as evidenced by the Declaration of its Vice President for Loan Documentation, Richard L. Penno. After Plaintiffs failed to make their mortgage payments, Wells Fargo initiated a retention review in February 2016 and assigned a SPOC to help Plaintiffs avoid foreclosure. Penno Decl., ¶ 9a. The assigned SPOC, Timothy Coughlin,[2] sent Plaintiffs a letter on or about March 7, 2016, and provided a Request for Mortgage Assistance Application ("RMA") which detailed the information needed in order to proceed with the RMA. Id. at ¶ 9b, Ex. 2. According to Wells Fargo, after multiple additional requests for documents, Plaintiffs finally submitted a completed RMA application on or around May 13, 2016. Id. at ¶ 9c-f and copies of letters attached as Exs. 3-6. By letter dated May 16, 2016, Wells Fargo advised Plaintiffs that they did not meet the requirements for loan modification. Id. at ¶ 9g, Ex. 7.

///

---

[2] Computerized system notes maintained by Wells Fargo verify that Mr. Coughlin had been denoted as the SPOC. See id. at Ex. 12. Additional Wells Fargo computer records, specifically its Online Letter Writer ("OLLE") as well as its Imaging & Content Management Platform ("ICMP") further show that a SPOC was assigned to Plaintiffs' loan on February 18, 2016. Penno Decl., ¶ 13.

3

Wells Fargo states it also reviewed Plaintiffs' eligibility for loan modification under the federal government's Home Affordable Modification Program ("HAMP") and, on May 18, 2016, sent a correspondence advising Plaintiffs that they also failed to qualify for HAMP modification. See id. at ¶ 9h, Ex. 8. Plaintiffs proceeded to appeal Wells Fargo's denials and on or around June 24, 2016, Wells Fargo's records indicate it informed Plaintiffs by letter that its decision was affirmed. See id. at ¶ 9j, Ex. 11. Then, on or around June 28, 2016, Plaintiffs' assigned SPOC, Timothy Coughlin, determined that available loss mitigation alternatives had been exhausted. Id. at ¶ 9l, Ex. 12.

On September 7, 2016, Wells Fargo sent a letter which included the telephone number for a HUD-approved Housing Counseling Agency. Wells Fargo claims it subsequently attempted to reach Plaintiffs on four separate occasions between September 10, 2016, and September 15, 2016, all without success, in order to meet its due diligence requirements under California law. See Computerized System Notes, Ex 14 to Penno Decl.

Additionally, contrary to Plaintiffs' contention that the trustee on its loan was never changed, Wells Fargo has produced evidence that, on December 28, 2016, NBS had a Substitution of Trustee recorded in the office of the Butte County Recorder. Penno Decl., ¶ 10, Ex. 16. As indicated above, NBS filed a Notice of Default under the Deed of Trust on January 13, 2017, which indicated that Plaintiffs were in arrears on their mortgage in the amount of $21,733.95 as of January 10, 2017.

**STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 690 (2008). "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). A plaintiff seeking a preliminary injunction must establish that (1) he is "likely to succeed on the merits;"

4

(2) he is "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) "an injunction is in the public interest." Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008). "If a plaintiff fails to meet its burden on any of the four requirements for injunctive relief, its request must be denied." Sierra Forest Legacy v. Rey, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) (citing Winter, 555 U.S. at 22). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 555 U.S. at 24 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiffs' favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

A preliminary injunction should ordinarily not issue, however, if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). "[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a _fair chance_ of success on the merits." Id., quoting Martin v. Int'l Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984) (emphasis added).

///
///
///
///

5

**ANALYSIS**

Plaintiffs' Complaint focuses almost exclusively on alleged HBOR violations under California law. As indicated above, they claim that Wells Fargo (1) did not contact them to discuss their financial situation or all options to avoid foreclosure in violation of § 2923.55; (2) failed to provide a SPOC in accordance with § 2923.7; (3) failed to send a written notice identifying the basis of their denial of Plaintiffs' loan modification application as required by § 2923.6; and (4) recorded a Notice of Default without properly substituting the Trustee for the Deed of Trust under § 2934a. Plaintiffs argue that they are likely to succeed on the merits of these allegations, such that imposition of a preliminary injunction is warranted.[3] The Court disagrees.

First, the evidence submitted by Wells Fargo shows that Plaintiffs went through a complete loan modification process before the Notice of Default was recorded. Plaintiffs were provided with a letter detailing the reasons for the denial of their loan modification application. Plaintiffs also pursued an appeal and that appeal was denied before the Notice of Default was entered. Under those circumstances, Plaintiffs cannot allege that alternatives to foreclosure were not discussed before the ensuing foreclosure process commenced. Contrary to Plaintiffs' apparent position that Wells Fargo was required to assess "all foreclosure options," the language of § 2923.55 states only that loan services must "assess the borrowers financial situation and explore options for the borrower to avoid foreclosure…." Cal. Civ. Code § 2923.55(b)(2). As long as options in that regard were explored at any time before foreclosure, which apparently was the case in this instance, Plaintiffs have no HBOR claim under § 2923.55. The fact that Plaintiffs admit to being fully assessed for a loan modification, with their application thereafter denied, is enough to merit dismissal of their claim. Johnson v. Sun Trust Mortg., Inc., 2014 U.S. Dist. LEXIS 110257 at *4 (C.D. Cal. 2015).

---
[3] While Plaintiffs' Complaint also alleges that Wells Fargo impermissibly dual-tracked their loan modification application under Cal. Civ. Code § 2923, Plaintiffs do not cite that allegation as a basis for seeking a preliminary injunction and accordingly it need not be considered by the Court at this time.

6

Second, with regard to Plaintiffs' claim that no SPOC was appointed in contravention of the HBOR, Wells Fargo has also shown that the requisite contact was indeed designated. Given that evidence, the Court finds that Plaintiffs lack a reasonable probability of prevailing on that claim as well.

Plaintiffs' third HBOR claim, that Wells Fargo failed to send written notice identifying the reasons for denying their loan modification, is no more availing. The evidence submitted by Wells Fargo, which the Court considers compelling at this juncture, indicates that Wells Fargo did send Plaintiffs a written determination of its denial both detailing the basis of the denial and outlining other options Plaintiffs had at the time of the denial. In addition, Wells Fargo's logs indicate it attempted without success to contact Plaintiffs for additional follow up after the denial.

Fourth, Plaintiffs also appear to lack any viable HBOR claim on grounds that NBS, the trustee who executed the foreclosure, was not legally substituted as the trustee before initiating foreclosure proceedings. Despite Plaintiffs' allegation otherwise, however, the evidence as adduced by Defendants shows that on November 28, 2016, NBS caused to be recorded a Substitution of Trustee in the office of the Butte County Recorder.

Finally, Plaintiffs' claim for unfair business practices under Business and Professions Code § 17200 fails given the lack of any predicate unfair practice based on the above-detailed HBOR violations, since the Court has already determined as outlined above that Plaintiffs lack any reasonable likelihood of prevailing as to those alleged violations. See Penno Decl., ¶ 10, Ex. 16. It follows that Plaintiffs have failed to demonstrate a reasonable likelihood of prevailing on any of the claims asserted through this lawsuit. If the probability of success on the merits is low, as the Court believes it to be here under the present circumstances, a preliminary injunction should not be granted on that ground alone and the Court need not consider the remaining factors it would otherwise address in determining the propriety of a preliminary injunction. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d at 1430.

7

**CONCLUSION**

For all the above reasons, Plaintiffs' Application for Preliminary Injunction (ECF No. 14) is DENIED. The Court's prior Temporary Restraining Order, entered by Memorandum and Order filed July 11, 2016, is hereby dissolved and is of no further force or effect.

IT IS SO ORDERED.

Dated: February 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE