UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO J. BICOCCA, an individual, DIANNA BICOCCA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; NBS DEFAULT SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:17-cv-01158-MCE-CMK<br><br>**ORDER** |

On May 1, 2017, Plaintiffs Bruno J. Bicocca and Dianna Bicocca ("Plaintiffs") filed this action in state court against Defendant Wells Fargo Bank N.A. ("Wells Fargo") and Defendant NBS Default Services, LLC ("NBS"). Plaintiffs' Complaint alleges, inter alia, that Defendants proceeded with foreclosure proceedings against Plaintiffs' home in violation of California's Homeowner's Bill of Rights ("HBOR"), a 2012 legislative reform package which made various changes to provisions in the California Civil Code pertaining to foreclosure safeguards. See Cal. Civ. Code § 2923, et seq. On June 1, 2017, Defendants removed Plaintiffs' lawsuit to this Court, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b).

Presently before the Court is Defendant Wells Fargo's Motion to Dismiss. ECF No. 3. Although Plaintiffs filed two motions, a preliminary injunction request and a

1

motion to remand (ECF Nos. 5 and 14, respectively), they failed to file any opposition to the Motion to Dismiss. While that failure to oppose, or file a statement of non-opposition (as required by Local Rule 230(c)) would itself warrant granting Wells Fargo's Motion, the Court's own review of the Motion indicates that it is well taken in any event. First, Plaintiffs' Complaint itself appears to concede that Plaintiffs underwent loan modification review, and that their request was denied. Compl., ¶ 41. Contrary to Plaintiffs' apparent position that Wells Fargo was required to assess "all foreclosure options," the language of § 2923.55 states only that loan servicers must "assess the borrowers' financial situation and explore options for the borrower to avoid foreclosure…." Cal. Civ. Code § 2923.55(b)(2). As long as options in that regard were explored at any time before foreclosure, which they apparently were in this instance, Plaintiffs have no HBOR claim under § 2923.55. The fact that Plaintiffs admit to being fully assessed for a loan modification, with their application thereafter denied, is enough to merit dismissal of their claim. Johnson v. SunTrust Mortg., Inc., 2014 U.S. Dist. LEXIS 110257 at *4 (C.D. Cal. 2015). Second, with regard to Plaintiffs' argument that a "case manager" was not appointed in accordance with § 2923.7, the Complaint provides no specifics as to what that term means. If intended to refer to a Single Point of Contact, there is no showing as to how any failure in that regard materially harmed Plaintiffs, especially since they were in fact reviewed for a loan modification. Third, with regard to Plaintiffs' claim that Defendants violated § 2934a by causing the January 13, 2017 Notice of Default to be filed without properly recording a substitution appointing Defendant NBS as trustee (See Compl., ¶ 52), the Court judicially notices the Substitution of Trustee as to Defendant NBS recorded on December 28, 2016 (see Wells Fargo's Request for Judicial Notice, Ex. G[1]) which directly contravenes that contention. Finally, because Plaintiffs' remaining claims under the HBOR, as well as their claim for unfair competition under California Business & Professions Code § 17200, depend on predicate violations which do not

---

[1] Wells Fargo's Request for Judicial Notice, which asks the Court to notice various official records pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, is unopposed and is GRANTED.

2

appear to be present given the shortcomings of Plaintiffs' other causes of action, those claims also fail.

While the Court has doubts concerning whether the deficiencies of Plaintiffs' Complaint can be rectified given all these shortcomings, since leave to amend has not previously been accorded the Court will permit Plaintiffs to file an amended complaint should they wish to do so. Defendant Wells Fargo's Motion to Dismiss (ECF No. 3) is therefore GRANTED, with leave to amend. Any amended complaint must be filed not later than thirty (30) days after the date this Order is electronically filed.

IT IS SO ORDERED.[2]

Dated: February 21, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs pursuant to Local Rule 230(g).