UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRUNO J. BICOCCA, an individual,
DIANNA BICOCCA, an individual,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.; NBS DEFAULT SERVICES, LLC; and DOES 1 through 20, inclusive,

Defendants.

No. 2:17-cv-01158-MCE-DMC

**ORDER**

On May 1, 2017, Plaintiffs Bruno J. Bicocca and Dianna Bicocca ("Plaintiffs") filed this action in state court against Defendant Wells Fargo Bank N.A. ("Wells Fargo") and Defendant NBS Default Services, LLC ("NBS"). Plaintiffs' Complaint alleges, inter alia, that Defendants proceeded with foreclosure proceedings against Plaintiffs' home in violation of California's Homeowner's Bill of Rights ("HBOR"), a 2012 legislative reform package which made various changes to provisions in the California Civil Code pertaining to foreclosure safeguards. See Cal. Civ. Code § 2923, et seq. On June 1, 2017, Defendants removed Plaintiffs' lawsuit to this Court, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b).

1

On June 8, 2017, Wells Fargo filed its initial Motion to Dismiss in this matter. ECF No. 3. Plaintiff failed to file an opposition, and while granting the motion would have been warranted on that ground alone, the Court nonetheless outlined, in its Order filed February 22, 2018 (ECF No. 20) the various reasons why the Complaint as it stood failed to state any viable cause of action. While the Court expressed doubts as to whether the deficiencies it identified could be rectified through amendment, it nonetheless permitted Plaintiffs to file an amended complaint since no amendment had been previously been made to the pleadings. Id.

On March 20, 2018, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 22. Despite the Court's explanation as to why the Complaint as previously constituted was insufficient, the 15-page FAC remains virtually unchanged from its rejected predecessor. The only addition is found in a single paragraph (out of 60 contained in the FAC) as to one of the six different causes of action pled. Now before the Court is Wells Fargo's second Motion to Dismiss, made on grounds that Plaintiffs' FAC still fails to state any viable claim against it, and consequently warrants dismissal under Federal Rule of Civil Procedure 12(b)(6).[1]

Plaintiffs' First, Second, and Fourth Causes of Action, for violations of the HBOR at California Civil Code §§ 2923.55, 2923.6(f) and 2934a, respectively, contain exactly the same allegations that were already made and rejected by the Court's previous dismissal order of February 22, 2018.[2] Since Plaintiffs elected not to make any changes to those claims whatsoever, affording any further leave to amend would appear pointless. Consequently, those claims are dismissed, with prejudice at this juncture.

////

---

[1] Like Wells Fargo's first Motion to Dismiss, the present Motion also contains a Request for Judicial Notice pursuant to Federal Rule of Evidence 201(b)(2). That request is unopposed and is GRANTED.

[2] Plaintiffs' Second Cause of Action fails for exactly the same reason as the First Cause of Action—the fact that Plaintiffs concede that they underwent loan modification review, and that request was denied, dooms both claims. See FAC, ¶ 41 (previously pled as ¶ 39 in Plaintiffs' initial Complaint: see also Johnson v. SunTrust Mortg., Inc., 2014 U.S. Dist. LEXIS 110257 at *4 (C.D. Cal. 2015).

1      The sole addition that the FAC does incorporate is a change to paragraph 48 in
2  the Third Cause of Action, for violation of the HBOR at § 2923.7.  That claim alleges that
3  Wells Fargo failed to promptly establish a "single point of contact" or "case manager" as
4  required by the statute.  FAC, ¶ 46.  The Court previously rejected Plaintiffs' claim on
5  grounds that there was no showing that any failure in that regard materially harmed
6  Plaintiffs, especially given Plaintiffs' concession that they were in fact reviewed for a loan
7  modification.  Plaintiffs now adds several sentences indicating that the lack of a case
8  manager "greatly affected their ability to avoid further foreclosure to save their house."
9  Id. at ¶ 48.  Plaintiffs further assert that without a single point of contact to provide help
10 and information, they fell "further behind on their loan and accrued[e] even more late
11 fees and penalties," thereby affecting "their ability to properly and effectively pursue
12 foreclosure prevention."  Id.
13     Given the fact that Plaintiffs admittedly were already turned down for loan
14 modification, however, it remains unclear how any failure in this respect was material.
15 Plaintiffs have not alleged when they first contacted Wells Fargo regarding foreclosure
16 prevention options and have therefore failed to muster any facts supporting the length of
17 any resulting delay and how those delays were material to their ability to save their
18 home.  Consequently, Plaintiffs' Third Cause of Action still fails.  Given the uncertainties
19 outlined above, however, and the fact that Plaintiffs ask that they be permitted to amend
20 yet again should their additional allegations prove insufficient, the Court will afford
21 Plaintiffs one last opportunity to amend their pleadings.
22     Because Plaintiffs' remaining HBOR claim as pled in the Fifth Cause of Action
23 (seeking declaratory relief) requires that a violation of the HBOR be otherwise
24 established, and since Plaintiffs' FAC as it currently stands still fails to assert any viable
25 HBOR claim, the Fifth Cause of Action also fails.  Similarly, because Plaintiffs' Sixth
26 Cause of Action, for unfair competition under California Business and Professions Code
27 § 17200, also depends upon predicate violations which have not yet been established,
28 that claim fails for the same reason.

1 | Consequently, for all the foregoing reasons, Defendant Wells Fargo's Motion to Dismiss the FAC (ECF No. 23) is GRANTED.[3]  Plaintiffs' First, Second, and Fourth Causes of Action are dismissed without further leave to amend.  Plaintiffs' Third, Fifth and Sixth Causes of Action are also dismissed, but Plaintiffs will be permitted one final opportunity to amend those claims.  Any further amended pleading in that regard must be filed not later than twenty (20) days after the date this Order is electronically filed.  Failure to file an amended pleading within those time parameters will result in dismissal of this entire action, with prejudice and without further notice to the parties.

IT IS SO ORDERED.

Dated: October 31, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument would not have been of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

4