UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRUNO J. BICOCCA, an individual,
DIANNA BICOCCA, an individual,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.; NBS
DEFAULT SERVICES, LLC; and
DOES 1 through 20, inclusive,

Defendants.

No. 2:17-cv-01158-MCE-DMC

**ORDER**

On May 1, 2017, Plaintiffs Bruno J. Bicocca and Dianna Bicocca ("Plaintiffs") filed this action in state court against Defendant Wells Fargo Bank N.A. ("Wells Fargo") and Defendant NBS Default Services, LLC. Plaintiffs' Complaint alleges, <u>inter alia</u>, that Defendants proceeded with foreclosure proceedings against Plaintiffs' home in violation of California's Homeowner's Bill of Rights ("HBOR"), a 2012 legislative reform package which made various changes to provisions in the California Civil Code pertaining to foreclosure safeguards. <u>See</u> Cal. Civ. Code § 2923, et seq. On June 1, 2017, Defendants removed Plaintiffs' lawsuit to this Court, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b).

On June 8, 2017, Wells Fargo filed its initial Motion to Dismiss in this matter. ECF No. 20. Plaintiff failed to file an opposition, and while granting the motion would have

1

been warranted on that ground alone, the Court nonetheless outlined, in its Order filed February 22, 2018 (ECF No. 20) the various reasons why the Complaint as it stood failed to state any viable cause of action. While the Court expressed doubts as to whether the deficiencies it identified could be rectified through amendment, it nonetheless permitted Plaintiff to file an amended complaint since no amendment had previously been made to the pleadings. Id.

On March 20, 2018, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 22. Despite the Court's explanation as to why the Complaint as previously constituted was insufficient, the 15-page FAC remained virtually unchanged from its rejected predecessor. The only addition was found in a single paragraph (out of 60 contained in the FAC) as to one of the six different causes of action pled. Consequently, on April 6, 2018, Wells Fargo filed another Motion to Dismiss made on grounds that Plaintiffs' FAC still failed to state any viable claim against it, and consequently warranted dismissal under Federal Rule of Civil Procedure 12(b)(6).

By Order filed October 31, 2018, the Court dismissed Plaintiffs' First, Second, and Fourth Causes of Action, for violations of the HBOR at California Civil Code §§ 2923.55, 2923.6(f) and 2934a, respectively, on grounds that those claims contained exactly the same allegations that were already made and rejected by the Court's previous dismissal order of February 22, 2018. Since Plaintiffs elected not to make any changes to those claims whatsoever, and because any further leave to amend appeared pointless, the dismissal as to the First, Second and Fourth Causes of Action was without prejudice. ECF No. 28.

The sole addition that the FAC did incorporate was a change to ¶ 48 in the Third Cause of Action, for violation of the HBOR at § 2923.7. That claim alleged that Wells Fargo failed to promptly establish a "single point of contact" or "case manager" as required by the statute. FAC, ¶ 46. The Court previously rejected Plaintiffs' claim on grounds that there was no showing that any failure in that regard materially harmed Plaintiffs, especially given Plaintiffs' concession that they were in fact reviewed for a loan

modification. Plaintiffs added several sentences indicating that the lack of a case manager "greatly affected their ability to avoid further foreclosure to save their house," and further assert that without a single point of contact to provide help and information, they fell "further behind on their loan and accrued[e] even more late fees and penalties", thereby affecting "their ability to properly and effectively pursue foreclosure prevention." Id. at ¶ 48.

Since Plaintiffs admittedly were already turned down for loan modification, however, it remained unclear how any failure in this respect was material. Plaintiffs failed to allege when they first contacted Wells Fargo regarding foreclosure prevention options and therefore failed to muster any facts supporting the length of any resulting delay and how those delays were material to their ability to save their home. Consequently, Plaintiffs' Third Cause of Action as stated in the FAC still failed.[1] Plaintiffs were nonetheless afforded one last opportunity to amend their pleadings.

Plaintiffs proceeded to file a Second Amended Complaint ("SAC") on November 19, 2018. ECF No. 29. Aside from alleging that Plaintiff Bruno Bicocca passed away in July of 2017 (SAC, ¶ 20), quoting the language of § 2923.7 in their cause of action for violation of that statute (id. at ¶ 24), and adding a single sentence that they "requested a Single Point of Contact ("SPOC") to help with a loan modification" (id. at ¶ 25), Plaintiffs add only a two-sentence paragraph:

> 28. WELLS FARGO'S mere failure to provide a SPOC, or a team of persons, that had specific knowledge [of] Plaintiff's loan constitutes a violation of § 2923.7. Furthermore, although a team of persons may satisfy the SPOC requirement under § 2923.7, the person, or persons, that Plaintiff spoke with did not perform the duties as enumerated under and pursuant to § 2923.7(b).

Id. at ¶ 28.

---

[1] Additionally, because Plaintiffs' remaining HBOR claim as pled in the Fifth Cause of Action of their FAC (seeking declaratory relief) requires that a violation of the HBOR be otherwise established, and since Plaintiffs' FAC as it currently stands still fails to assert any viable HBOR claim, the Fifth Cause of Action also fails. Similarly, because Plaintiffs' Sixth Cause of Action, for unfair competition under California Business and Professions Code § 17200, also depends upon predicate violations which have not yet been established, that claim failed for the same reason.

3

These allegations add no further factual detail whatsoever. Given the fact that Plaintiffs had already been turned down for a loan modification, Plaintiffs have still failed to show how any failure to appoint a SPOC in their circumstances was material. Additionally, despite being given two previous opportunities to amend, Plaintiffs have still not said when they first contacted Wells Fargo regarding their options in avoiding foreclosure, and how any resulting delays contributed to the eventual loss of their home. Plaintiffs' cause of action for violation of § 2923.7 remains fatally lacking, and since Plaintiffs' other two claims depend on the viability of their § 2923.7 claim, the SAC fails in its entirety.

Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 30) is consequently GRANTED, and because Plaintiffs remain unable to state a viable claim after three opportunities to do so no further leave to amend will be permitted. The matter having now been concluded, the Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 22, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE